No. 23-13914
(*consolidated with Nos. 23-13916 & 23-13921*)

In the

# United States Court of Appeals
## for the Eleventh Circuit

Alpha Phi Alpha Fraternity, Inc., et al.,
*Plaintiffs-Appellees,*

v.

Secretary of State of Georgia,
*Defendant-Appellant.*

On Appeal from the United States District Court for the
Northern District of Georgia, Atlanta Division.
No. 1:21-cv-05337 — Hon. Steve C. Jones, *District Judge*

## SUPPLEMENTAL REPLY BRIEF OF
## THE SECRETARY OF STATE OF GEORGIA

Bryan P. Tyson
  *Special Asst. Att'y General*
David J. Younker
Tyson Younker LLC
1225 Johnson Ferry Road
Suite 600-A
Marietta, Georgia 30068
(678) 223-3160
btyson@tysonyounker.law

Christopher M. Carr
  *Attorney General of Georgia*
John Henry Thompson
  *Solicitor General*
Elijah J. O'Kelley
  *Principal Deputy*
  *Solicitor General*
Office of the Georgia
  Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 458-3373
jhthompson@law.ga.gov

*Counsel for the Secretary of State of Georgia*

No. 23-13916
(*consolidated with Nos. 23-13914 & 23-13921*)

In the

# United States Court of Appeals
## for the Eleventh Circuit

Coakley Pendergrass, et al.,
*Plaintiffs-Appellees,*

v.

Secretary of State of Georgia,
*Defendant-Appellant.*

On Appeal from the United States District Court for the
Northern District of Georgia, Atlanta Division.
No. 1:21-cv-05339 — Hon. Steve C. Jones, *District Judge*

## SUPPLEMENTAL REPLY BRIEF OF
## THE SECRETARY OF STATE OF GEORGIA

Bryan P. Tyson
  *Special Asst. Att'y General*
David J. Younker
Tyson Younker LLC
1225 Johnson Ferry Road
Suite 600-A
Marietta, Georgia 30068
(678) 223-3160
btyson@tysonyounker.law

Christopher M. Carr
  *Attorney General of Georgia*
John Henry Thompson
  *Solicitor General*
Elijah J. O'Kelley
  *Principal Deputy
  Solicitor General*
Office of the Georgia
  Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 458-3373
jhthompson@law.ga.gov

*Counsel for the Secretary of State of Georgia*

No. 23-13921
(*consolidated with Nos. 23-13914 & 23-13916*)

In the

# United States Court of Appeals
## for the Eleventh Circuit

---

Annie Lois Grant, et al.,
*Plaintiff-Appellees,*

v.

Secretary of State of Georgia,
*Defendant-Appellant.*

---

On Appeal from the United States District Court for the
Northern District of Georgia, Atlanta Division.
No. 1:22-cv-00122 — Hon. Steve C. Jones, *District Judge*

---

## SUPPLEMENTAL REPLY BRIEF OF
## THE SECRETARY OF STATE OF GEORGIA

---

Bryan P. Tyson
  *Special Asst. Att'y General*
David J. Younker
Tyson Younker LLC
1225 Johnson Ferry Road
Suite 600-A
Marietta, Georgia 30068
(678) 223-3160
btyson@tysonyounker.law

Christopher M. Carr
  *Attorney General of Georgia*
John Henry Thompson
  *Solicitor General*
Elijah J. O'Kelley
  *Principal Deputy
  Solicitor General*
Office of the Georgia
  Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 458-3373
jhthompson@law.ga.gov

*Counsel for the Secretary of State of Georgia*

*Alpha Phi Alpha Fraternity v. Sec'y of State of Ga.*, No. 23-13914;
*Pendergrass v. Sec'y of State of Ga.*, No. 23-13916;
*Grant v. Sec'y of State of Ga.*, No. 23-13921

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

I hereby certify that the following persons and entities may have an interest in the outcome of this case:

Albert M. Pearson LLC, Counsel for Amicus;

Alpha Phi Alpha Fraternity, Inc., Respondent-Appellee;

Adegbile, Debo, Counsel for Respondents-Appellees;

Aiken, De'Ericka, Counsel for Respondent-Appellees;

State of Alabama, Amicus;

American Civil Liberties Union Foundation, Inc., Counsel for Respondents-Appellees;

American Civil Liberties Union Foundation of Georgia, Inc., Counsel for Respondents-Appellees;

American Civil Liberties Union-New Jersey, Counsel for Amicus;

Anderson, Carol, Amicus;

Bird, Brenna, Counsel for Amicus;

Bloom Parham, LLP, Counsel for Amicus;

Bokat-Lindell, Noah B., Former Counsel for Intervenor;

Boone, Robert, Counsel for Respondents-Appellees;

Bowdre, Alexander Barrett, Counsel for Amicus;

Bowles, Jasmine, Amicus;

C-1 of 12

*Alpha Phi Alpha Fraternity v. Sec'y of State of Ga.*, No. 23-13914;
*Pendergrass v. Sec'y of State of Ga.*, No. 23-13916;
*Grant v. Sec'y of State of Ga.*, No. 23-13921

Bowen, Brennan, Counsel for Amicus

Boyle, Jr., Donald P., Former Counsel for Petitioner-Appellant;

Burton, Orville Vernon, Amicus;

Brachman, Paul D., Former Counsel for Amicus;

Brennan Center for Justice at New York University School of
    Law, Amicus;

Brown, Anthony G., Counsel for Amicus;

Brown, Phil, Respondent-Appellee;

State of California, Amicus;

Calvo-Friedman, Jenessa, Former Counsel for Respondents-
    Appellees;

Campbell, Andrea Joy, Counsel for Amicus;

Carr, Christopher, Attorney General of Georgia, Counsel for
    Petitioner-Appellants;

Cheung, Ming, Counsel for Respondents-Appellees;

Clark, Charity R., Counsel for Amicus;

Clark Hill PLC, Former Counsel for Petitioner-Appellant;

Clarke, Kristen, Counsel for Intervenor;

Common Cause, Amicus;

State of Colorado, Amicus;

State of Connecticut, Amicus;

*Alpha Phi Alpha Fraternity v. Sec'y of State of Ga.*, No. 23-13914;
*Pendergrass v. Sec'y of State of Ga.*, No. 23-13916;
*Grant v. Sec'y of State of Ga.*, No. 23-13921

Constitutional Accountability Center, Amicus;

Crowell & Moring LLP, Counsel for Amicus

Data, Sonika, Counsel for Respondents-Appellees;

Dauber, Michael S., Former Counsel for Amicus;

Davis, Alexander S., Counsel for Amicus;

Dechert LLP, Counsel for Amicus;

State of Delaware, Amicus;

DiGiuseppe, Marisa A., Counsel for Respondents-Appellees;

District of Columbia, Amicus;

Dixit, Anuj, Former Counsel for Respondent-Appellees;

Douglas, Maura, Counsel for Respondents-Appellees;

Draper, Paul M., Former Counsel for Petitioner-Appellant;

Election Law Clinic at Harvard Law School, Amicus;

Ellison, Keith, Counsel for Amicus;

Fair Districts GA, Amicus;

Ferguson, Robert W., Counsel for Amicus;

Fidell, Eugene R., Counsel for Amicus;

Fitch, Lynn, Counsel for Amicus;

State of Florida, Amicus;

Flynn, Erin H., Former Counsel for Intervenor;

*Alpha Phi Alpha Fraternity v. Sec'y of State of Ga.*, No. 23-13914;
*Pendergrass v. Sec'y of State of Ga.*, No. 23-13916;
*Grant v. Sec'y of State of Ga.*, No. 23-13921

Ford, Aaron D., Counsel for Amicus;

Frazzette, Sean, Counsel for Amicus;

Freeman, Daniel J., Former Counsel for Intervenor;

Freidlin, Akiva, Counsel for Respondents-Appellees;

Frey, Aaron M., Counsel for Amicus;

GALEO Latino Community Development Fund, Inc., Amicus;

Garabadu, Rahul, Counsel for Respondents-Appellees;

Geaghan-Breiner, Charlotte, Counsel for Respondents-Appellees;

Genberg, Jack, Counsel for Amicus;

Geiger, Soren, Former Counsel for Amicus;

Georgia Coalition for the People's Agenda, Amicus;

Georgia Department of Law, Counsel for Petitioner-Appellant;

Georgia State Conference of the NAACP, Amicus;

Glenn, Katie Bailey, Respondent-Appellee;

Glenn, Kenneth, Respondent-Appellee;

Goldman, David N., Former Counsel for Intervenor;

Gorod, Brianne Jenna, Counsel for Amicus;

Graves, Cheryl, Amicus;

Greenbaum, Jon, Counsel for Amicus;

Greenwood, Ruth M., Counsel for Amicus;

*Alpha Phi Alpha Fraternity v. Sec'y of State of Ga.*, No. 23-13914;
*Pendergrass v. Sec'y of State of Ga.*, No. 23-13916;
*Grant v. Sec'y of State of Ga.*, No. 23-13921

Harrison, Keith, Counsel for Amicus;

State of Hawaii, Amicus;

Hawley, Jonathan Patrick, Former Counsel for Respondent-Appellants;

Heard, Bradley E., Counsel for Amicus;

Heaven, Astor H.L., Counsel for Amicus;

Hessel, Daniel J., Counsel for Amicus;

Hilgers, Michael T., Counsel for Amicus;

Houk, Julie M., Counsel for Amicus;

State of Illinois, Amicus;

State of Indiana, Amicus;

State of Iowa, Amicus;

Ivey, Marvis McDaniel, Amicus;

Isaacson, Cory, Counsel for Respondents-Appellees;

Jacoutout, Bryan F., Former Counsel for Petitioner-Appellant;

Jackson, Toni Michelle, Counsel for Amicus;

James, Letitia, Counsel for Amicus;

Jamieson, Nathan, Counsel for Amicus;

Jennings, Kathleen, Counsel for Amicus;

Jones, Michael B., Former Counsel for Respondents-Appellees;

*Alpha Phi Alpha Fraternity v. Sec'y of State of Ga.*, No. 23-13914;
*Pendergrass v. Sec'y of State of Ga.*, No. 23-13916;
*Grant v. Sec'y of State of Ga.*, No. 23-13921

Jones, The Hon. Steve, United States District Court Judge;

Kastorf Law LLP, Counsel for Amicus

Kastorf, Kurt J., Counsel for Amicus;

State of Kansas, Amicus;

Keyssar, Alexander, Amicus

Kim, Eliot, Former Counsel for Respondents-Appellees;

Kim, Taeyoung, Counsel for Respondents-Appellees;

Knudsen, Austin, Counsel for Amicus;

Kobach, Kris W., Counsel for Amicus;

Kousser, J. Morgan, Amicus;

Krevolin & Horst, LLC, Counsel for Respondents-Appellees;

Lakin, Sophia Lin, Counsel for Respondents-Appellees;

LaCour, Edmund, Former Counsel for Amicus;

LaRoss, Diane, Former Counsel for Petitioner-Appellant;

Lawyers' Committee for Civil Rights Under Law, Counsel for
    Amicus;

League of Women Voters of Georgia, Inc., Amicus;

Lee, Jason, Former Counsel for Intervenor;

Lee, Theresa J., Counsel for Amicus;

Lopez, Anne E., Counsel for Amicus;

*Alpha Phi Alpha Fraternity v. Sec'y of State of Ga.*, No. 23-13914;
*Pendergrass v. Sec'y of State of Ga.*, No. 23-13916;
*Grant v. Sec'y of State of Ga.*, No. 23-13921

Love-Olivo, Cassandra Nicole, Counsel for Amicus;

State of Louisiana, Amicus;

State of Maine; Amicus;

State of Maryland, Amicus;

Marshall, Steve, Counsel for Amicus;

State of Massachusetts, Amicus;

May, Caitlyn Felt, Former Counsel for Respondents-Appellees;

Mayer Brown, LLP, Counsel for Amicus;

McGowan, Charlene, Former Counsel for Petitioner-Appellant;

Miller, Alexander W., Former Counsel for Respondents-Appellees;

Miller, Kelsey A., Counsel for Respondents-Appellees;

Miller, Lauren, Counsel for Amicus;

State of Minnesota, Amicus;

State of Mississippi, Amicus;

Mitchell, Cassandra, Counsel for Respondents-Appellees;

State of Montana, Amicus;

Moody, Ashley, Counsel for Amicus;

Morrisey, Patrick, Counsel for Amicus;

Murill, Liz, Counsel for Amicus;

National Republican Redistricting Trust, Amicus;

*Alpha Phi Alpha Fraternity v. Sec'y of State of Ga.*, No. 23-13914;
*Pendergrass v. Sec'y of State of Ga.*, No. 23-13916;
*Grant v. Sec'y of State of Ga.*, No. 23-13921

State of Nebraska, Amicus;

Neronha, Peter F., Counsel for Amicus;

State of Nevada, Amicus;

State of New Jersey, Amicus;

State of New York, Amicus;

State of North Carolina, Amicus;

State of North Dakota, Amicus;

O'Donnell, Courtney, Counsel for Amicus;

O'Kelley, Elijah J., Principal Deputy Solicitor General, Counsel for
    Petitioner-Appellant;

State of Oregon, Amicus;

Paradise, Loree Anne, Former Counsel for Petitioner-Appellant;

Paul, Weiss, Rifkind, Wharton & Garrison LLP, Counsel for
    Amicus;

Paxton, Ken, Counsel for Amicus;

Pearson, III, Albert Matthews, Counsel for Amicus;

Perkins, Brianne, Amicus;

Petrany, Stephen J., Former Counsel for Petitioner-Appellant;

Phatak, Ashwin P., Counsel for Amicus;

Platkin, Matthew J., Counsel for Amicus;

*Alpha Phi Alpha Fraternity v. Sec'y of State of Ga.*, No. 23-13914;
*Pendergrass v. Sec'y of State of Ga.*, No. 23-13916;
*Grant v. Sec'y of State of Ga.*, No. 23-13921

Raffensperger, Brad, in his official capacity as Secretary of State of Georgia, Petitioner-Appellant;

Raoul, Kwame, Counsel for Amicus;

Reyes, Sean D., Counsel for Amicus;

State of Rhode Island, Amicus;

Rollins-Boyd, David, Counsel for Amicus;

Rokita, Theodore E., Counsel for Amicus;

Rosenberg, Ezra D., Counsel for Amicus;

Rosenblum, Ellen F., Counsel for Amicus;

Rothfield, Charles, A., Counsel for Amicus;

Rudenskey, Yurij, Former Counsel for Amicus;

Ruiz Toro, Juan M., Counsel for Respondents-Appellees;

Savitsky, Ari J., Counsel for Respondent-Appellees;

Schwalb, Brian L., Counsel for Amicus;

Shaw, Abigail, Former Counsel for Respondents-Appellees;

Sivaram Anuradha, Former Counsel for Respondents-Appellees;

Sixth District of the African Methodist Episcopal Church, Respondent-Appellee;

Smith, Casey Katharine, Former Counsel for Respondents-Appellees;

Smith, Gambrell & Russell, LLP, Former Counsel for Petitioner-Appellant;

*Alpha Phi Alpha Fraternity v. Sec'y of State of Ga.*, No. 23-13914;
*Pendergrass v. Sec'y of State of Ga.*, No. 23-13916;
*Grant v. Sec'y of State of Ga.*, No. 23-13921

State of South Carolina, Amicus;

Southern Poverty Law Center, Counsel for Amicus;

Stein, Joshua H., Former Counsel for Amicus;

Stewart, Janice, Respondent-Appellee;

Stewart, Michael Elliot, Former Counsel for Intervenor;

Strickland, Frank B., Counsel for Petitioner-Appellant;

Taylor English Duma LLP, Former Counsel for Petitioner-Appellant;

Torchinsky, Jason B., Counsel for Amicus;

Trento, Andrea W., Counsel for Amicus;

Tulin, Leah, Counsel for Amicus;

State of Texas, Amicus;

Thomas, Ursula, Amicus

Thompson, John Henry, Solicitor General, Counsel for Petitioner-Appellant;

Tong, William, Counsel for Amicus;

Tsai, Denise, Counsel for Respondents-Appellees;

Tyson, Bryan P., Counsel for Petitioner-Appellant;

Tyson Younker LLC, Counsel for Petitioner-Appellant;

Underwood, Barbara D., Counsel for Amicus;

United States of America, Former Intervenor;

*Alpha Phi Alpha Fraternity v. Sec'y of State of Ga.*, No. 23-13914;
*Pendergrass v. Sec'y of State of Ga.*, No. 23-13916;
*Grant v. Sec'y of State of Ga.*, No. 23-13921

United States Department of Justice, Counsel for Intervenor;

State of Utah, Amicus;

Vale, Judith N., Counsel for Amicus;

Valerio-Esene, Amanda, Counsel for Amicus;

Van Zile, Caroline S., Counsel for Amicus;

Varghese, George P., Counsel for Respondents-Appellees;

Vaughan, Elizabeth Marie Wilson, Former Counsel for Petitioner-Appellant;

State of Vermont, Amicus;

Webb, Bryan K., Counsel for Petitioner-Appellant;

Weigel, Daniel H., Former Counsel for Petitioner-Appellant;

Weiser, Philip J., Counsel for Amicus;

Weitzman, Samuel, Former Counsel for Respondents-Appellees;

State of West Virginia, Amicus;

Willard, Russell D., Counsel for Petitioner-Appellant;

Williams, Ayana, Former Counsel for Respondents-Appellees;

Williams, H. Benjamin, Amicus;

Williams, II, Edward Henderson, Former Counsel for Respondents-Appellees;

Wilmer Cutler Pickering Hale and Door LLP, Counsel for Respondents-Appellees;

*Alpha Phi Alpha Fraternity v. Sec'y of State of Ga.*, No. 23-13914;
*Pendergrass v. Sec'y of State of Ga.*, No. 23-13916;
*Grant v. Sec'y of State of Ga.*, No. 23-13921

Wilson, Alan, Counsel for Amicus;

Woods, Eric T., Respondent-Appellee;

Yale Law School Supreme Court Clinic, Counsel for Amicus;

Younker, David J., Counsel for Petitioner-Appellant;

Young, Sean Jengwei, Former Counsel for Respondents-Appellees;

Zabel, Joseph D., Counsel for Respondents-Appellees

    Counsel further certifies that no publicly traded company or corporation has an interest in the outcome of this case or appeal.

/s/ *John Henry Thompson*
John Henry Thompson

C-12 of 12

# TABLE OF CONTENTS

**Page**

Table of Authorities ..........................................................................ii

Introduction................................................................................. 1

Argument..................................................................................... 2

    I.  Neither Plaintiffs nor the district court preemptively
       complied with *Callais*. ...................................................... 2

    II. Plaintiffs cannot satisfy the first *Gingles* precondition after
       *Callais*. .............................................................................. 5

    III.If the Court declines to reverse, it should vacate and
        remand for proceedings consistent with *Callais*. .................. 8

Conclusion .................................................................................. 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander v. S.C. State Conf. of the NAACP,*
  602 U.S. 1 (2024) ............................................................ 6

*Allen v. Milligan,*
  146 S. Ct. 1377 (2026) ............................................... 1, 5

*Allen v. Milligan,*
  599 U.S. 1 (2023) ......................................................... 7

*Bartlett v. Strickland,*
  556 U.S. 1 (2009) ......................................................... 7

*Davis v. Chiles,*
  139 F.3d 1414 (11th Cir. 1998) ................................... 1

*Louisiana v. Callais,*
  146 S. Ct. 1131 (2026) ............................... 1–2, 4–6, 8

*Thornburg v. Gingles,*
  478 U.S. 30 (1986) ....................................................... 3

## INTRODUCTION

The Supreme Court's legal "update[s]" in *Callais* were not mere window dressing: They were significant changes necessary "to resolve the tension between [Section 2] vote-dilution claims … and our colorblind Constitution." *Allen v. Milligan*, 146 S. Ct. 1377, 1380 (2026). This Court should heed the Supreme Court's clear instructions, *see id.* at 1381, and reject Plaintiffs' invitation to minimize the effects of *Callais* on this litigation.

The APA Plaintiffs insist, remarkably, that they complied fully with *Callais* without even trying—and while opposing the Secretary's legal arguments at every step. APA Supp. Br. 8–12. In reality, no Plaintiff carried its "disentanglement burden," *Louisiana v. Callais*, 146 S. Ct. 1131, 1157 (2026), because all Plaintiffs denied that burden's existence. For their part, the Grant and Pendergrass Plaintiffs admit that the district court neither disentangled race from politics as required by *Callais* nor conducted a *Callais*-compliant totality-of-the-circumstances analysis. Grant/Pendergrass Supp. Br. 3–4. Nevertheless, they posit that *Callais* requires no more than "further consideration" on remand. *Id.* at 1. Finally, Plaintiffs' argument that *Davis v. Chiles*, 139 F.3d 1414 (11th Cir. 1998), survived *Callais* ignores the decisions' patently irreconcilable instructions.

1

All Plaintiffs' claims fail under *Callais*, which refocused Section 2 on ensuring compliance with the Fifteenth Amendment's prohibition on intentional discrimination in voting. But at the very least—and as some Plaintiffs now concede—*Callais* requires vacatur of the judgment below. And because the proceedings that produced that judgment were characterized from the start by all the errors *Callais* sought to correct, any remand should proceed under a general instruction to comply with *Callais*.

## ARGUMENT

### I. Neither Plaintiffs nor the district court preemptively complied with *Callais*.

From the outset of this litigation through post-trial briefing, Plaintiffs have argued—and the district court has accepted—a crucial legal premise: that Section 2 does not require a plaintiff to disaggregate partisan from racial influences on voter behavior or state action. *See, e.g.*, Doc. 268 at 42; Doc. 333 at 235–36; APA Br. 14–24; Grant/Pendergrass Br. 26–38. But as *Callais* confirms, that premise is wrong. *See* 146 S. Ct. at 1156–62. Indeed, some Plaintiffs concede their failure to "control[] for" partisanship as *Callais* requires. *See* Grant/Pendergrass Supp. Br. 3. After all, their expert testified that "race and party cannot be separated" and did not "examine any primaries." Doc. 326 at 95.

2

The APA Plaintiffs try to fill the gap with Dr. Lisa Handley's primary analysis. *See* APA Supp. Br. 8–9. The Secretary will not rehash every reason why that analysis cannot shoulder Plaintiffs' burden under *Gingles*, much less *Callais*. *See* Opening Br. 30–31; Reply Br. 18–19. But the notion that Dr. Handley adduced intra-party evidence akin to that in *Gingles*—where some two-thirds of white Democrats refused to vote for their party's black nominees— is absurd. *See Thornburg v. Gingles*, 478 U.S. 30, 59 (1986).

In any event—and most relevant at this stage—Dr. Handley did not *conduct* her analysis for that purpose, Plaintiffs did not *offer* it for that purpose, and the court did not *credit* it for that purpose. Instead, Dr. Handley analyzed several primaries merely to determine whether they presented barriers to black-preferred candidates—and concluded they did not. Doc. 333 at 151. By contrast, she "rested her opinions of racially polarized voting" on her analysis of "general elections." *Id.*; *see also* Doc. 385 at 120 ("[M]y opinion about the second and third prong of *Gingles* rests on general elections."); *id.* at 132. Indeed, she testified that intra-party racial polarization *did not matter* because it didn't explain the inter-party racial polarization she was retained to analyze— and upon which the district court erroneously relied. *Id.* at 110; *see also* Doc. 333 at 235–36.

3

A similar story unfolds with respect to the district court's totality-of-the-circumstances analysis. Some Plaintiffs appear to admit that the district court has not "ma[de] appropriate findings of fact concerning 'current' conditions." Grant/Pendergrass Supp. Br. 4 (quoting *Callais*, 146 S. Ct. at 1160). Others ask this Court to "affirm as to this aspect of Section 2 liability," insisting that the court "placed significant weight on present-day evidence." APA Supp. Br. 10–12. That effort to retcon the record fails miserably: None of the evidence the district court relied upon that plausibly qualifies as "present-day"—*i.e.*, from the last 40 years—"shed[s] light on current intentional discrimination." *Callais*, 146 S. Ct. at 1160. The court improperly relied on practices it thought had a "disparate" or "disproportionate impact" on black voters (despite having *upheld* many of those same practices), *see* Opening Br. 36–37; Doc. 333 at 439–50, and "disparities" it "characterized as the ongoing effects of societal discrimination," *Callais*, 146 S. Ct. at 1160 (cleaned up). Again, neither Plaintiffs nor the district court saw any *need* to focus the totality-of-the-circumstances analysis on whether "black voters … faced intentional discrimination in recent years." *Id.* at 1162. Thus, if this Court does not reverse, it should simply vacate and remand for the district court to assess the established record under the proper *Callais* standard.

4

Finally, Plaintiffs do not meaningfully engage the Secretary's constitutional argument.  *See* Supp. Br. 9–10.  Instead, they redouble their attacks on the straw man they assailed below, noting that *Callais* did not rule Section 2 facially unconstitutional. Grant/Pendergrass Supp. Br. 8; APA Supp. Br. 1; *see also* Reply Br. 26.  True enough, but that misses the point: The upshot of *Callais*' adoption of the congruence-and-proportionality test is that Section 2 permits a remedy "only when the evidence supports a strong inference that the State intentionally drew its districts to afford minority voters less opportunity because of their race."  146 S. Ct at 1157.  Put differently, the Court's "updates" to *Gingles* "were necessary to avoid requiring … maps under § 2 that would be unconstitutional racial gerrymanders."  *Allen*, 146 S. Ct. at 1381.  Short of reversal, the only way to ensure compliance with that constitutional holding is to vacate the judgment below.

## II.  Plaintiffs cannot satisfy the first *Gingles* precondition after *Callais*.

*Callais* imposed demanding new conditions on plaintiffs' illustrative maps for purposes of the first *Gingles* precondition. *See* Supp. Br. 11–12.  In doing so, *Callais* fundamentally reshaped Section 2 litigation, including by overruling contrary Circuit precedent like *Davis*.  *See id.* at 13–14.

5

Plaintiffs' contrary arguments fall short. They primarily contend that *Callais* and *Davis* can coexist because the Supreme Court was concerned only with plaintiffs who allow "race [to] drive or predominate their" illustrative maps. APA Supp. Br. 6; *accord* Grant/Pendergrass Supp. Br. 7–8. But *Callais* never said that; it referred to whether "race was *used*"—at all—to draw a plaintiff's map. 146 S. Ct. at 1159 (emphasis added). And that makes sense, because the whole point of this race-neutrality requirement is to determine whether the *State's* map violates the text of Section 2: If race-blind map-drawing methods do not generate a majority-minority district, it follows that no minority voter has been denied "whatever [electoral-success] opportunity results from the application of the State's combination of permissible criteria." *Id.* at 1155. Given that context, Plaintiffs' assumption that *private litigants* are subject to the constitutional standard applicable to *state actors* is an odd one.[1]

---

[1] So is Plaintiffs' assumption that their illustrative maps would pass muster even under their own interpretation of *Callais*' race-neutrality requirement. The Supreme Court has suggested that race-predominance can be shown when a map-drawer "acknowledge[s] that race played a role in the drawing of district lines." *Alexander v. S.C. State Conf. of the NAACP*, 602 U.S. 1, 8 (2024). Plaintiffs' experts did exactly that. *See* Supp. Br. 11; *see also, e.g.*, Doc. 333 at 92, 106, 276.

6

Nor do Plaintiffs' cited precedents instruct otherwise: Those cases concerned *what* a Section 2 plaintiff must do—produce an illustrative map featuring a majority-minority district—not *how* a plaintiff must generate such a map. *See* Grant/Pendergrass Supp. Br. 7 (citing *Bartlett v. Strickland*, 556 U.S. 1, 18 (2009), and *Allen v. Milligan*, 599 U.S. 1, 34 n.7 (2023)). Because *Davis* and *Callais* offer contradictory instructions on *that* issue, the Secretary may rely on Plaintiffs' failure to satisfy the first *Gingles* precondition.

The APA Plaintiffs also posit that the State's maps were not influenced by partisanship. APA Supp. Br. 6–7. But while the intended scope of that argument is unclear, its defects are obvious. The record is clear that the State's map-drawer relied on political data, Doc. 330 at 20–21, and testified that partisan balance and incumbent protection were important considerations for all three plans, *id.* at 42, 63, 84. Indeed, at least one Senate district was drawn to ensure a Republican incumbent's reelection, *id.* at 48–49, 106–07, and a congressional district was redrawn to move it into the Republican column, *id.* at 86–87. In short, this case plainly implicates *Callais*' holding that Section 2 "does not intrude on States' prerogative to draw districts based on nonracial factors"—including "partisan advantage"—and all associated litigation burdens. *See* 146 S. Ct. at 1156–57.

### III. If the Court declines to reverse, it should vacate and remand for proceedings consistent with *Callais.*

If this Court does not reverse the judgment below, the only appropriate course is to vacate that judgment and remand with instructions to comply with *Callais* in further proceedings. The Court should reject Plaintiffs' vague requests for either a "limited purpose" remand—perhaps *without* vacatur, Grant/Pendergrass Supp. Br. 2—or for a vacatur order that attempts to preemptively "identify which aspects of *Callais* the existing record already satisfies," APA Supp. Br. 13. That kind of surgical appellate intervention cannot succeed where, as here, Section 2 litigation has been irredeemably infected by every pathology *Callais* exists to cure. Finally, the Secretary respectfully requests that this Court proceed expeditiously in resolving this appeal. Regardless of the outcome of the General Assembly's special session, *see id.* at 15, prospective clarity remains crucial for every stakeholder in this sensitive legal and legislative area.

### CONCLUSION

This Court should either reverse or vacate and remand for proceedings consistent with *Callais.*

Respectfully submitted.

Bryan P. Tyson
  *Special Asst. Att'y General*
David J. Younker
Tyson Younker LLC
1225 Johnson Ferry Road
Suite 600-A
Marietta, Georgia 30068
(678) 223-3160
btyson@tysonyounker.law

/s/ *John Henry Thompson*
Christopher M. Carr
  *Attorney General of Georgia*
John Henry Thompson
  *Solicitor General*
Elijah J. O'Kelley
  *Principal Deputy*
  *Solicitor General*
Office of the Georgia
  Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 458-3373
jhthompson@law.ga.gov

9

## CERTIFICATE OF COMPLIANCE

This document complies with this Court's order requesting supplemental briefing because the body of this reply brief does not exceed 8 pages.  *See* CA11 Doc. 182 at 4.

/s/ *John Henry Thompson*
John Henry Thompson

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2026, I served this brief by electronically filing it with this Court's ECF system, which constitutes service on all attorneys who have appeared in this case and are registered to use the ECF system.

/s/ *John Henry Thompson*
John Henry Thompson